UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Katrina Martin,<br><br>        Plaintiff,<br>v.<br><br>New American Cinema Group, Inc.,<br>Marie Serra, a/k/a MM Serra<br><br>        Defendant. | Case No.<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT**

Plaintiff Katrina Martin ("Plaintiff"), by and through undersigned counsel, brings this Complaint on her own behalf and all others similarly situated against New American Cinema Group, Inc., d/b/a The Film-Makers' Cooperative, and Marie Serra a/k/a MM Serra in her individual capacity (collectively "Defendants") for damages and injunctive relief for, *inter alia,* violations of the Copyright Act, and other claims, and in support thereof Plaintiff states as follows.  The allegations herein are made based on personal knowledge as to Ms. Martin with respect to her own actions, and upon information and belief as to all other matters.

**PARTIES**

1. Plaintiff Katrina Martin is an individual residing in the State of New York.

2. Defendant NACG, on information and belief, is a New York non-profit corporation with its principal place of business at 475 Park Avenue South, New York, New York 10016. NACG is a citizen of the State of New York.

3. Defendant Marie Serra, a/k/a MM Serra ("SERRA") on information and belief, is an

1

individual maintaining an office at 475 Park Avenue South, New York, New York 10016, and also at A – Alvin Johnson/J.M. Kaplan Hall, 66 West 12th Street, New York, New York. Serra is a citizen of the State of New York.

## PLAINTIFF'S COPYRIGHT REGISTRATION

4. Plaintiff brings this action for, *inter alia,* violations of her exclusive rights under the Copyright Act, 17 U.S.C. § 106, to reproduce, prepare derivative works, and distribute copies of her original copyrighted work of authorship, namely a film entitled "Hanafuda/Jasper Johns" (the "Film"). Plaintiff has a federal copyright registration on the Film, #PA0000206560, which was registered on January 6, 1984. A true and correct copy of an excerpt of the public catalog of the United States Copyright Office showing Plaintiff's ownership of the copyright to the Film is attached as Exhibit A. At all relevant times, Plaintiff was the owner of all right, title and interest in and to the film and its copyrights, and is the true owner of any derivative works thereof.

5. On information and belief, other class members also are the registered copyright owners of their works.

## SUBJECT MATTER JURISDICTION AND VENUE

6. This action arises under the Copyright Act, 17 U.S.C. § 101 *et seq*.

7. This Court has subject matter jurisdiction over these claims pursuant to, *inter alia,* 28 U.S.C. § 1331 (federal question jurisdiction); 28 U.S.C. § 1338(a) (copyright); 28 U.S.C. § 1332 (diversity jurisdiction; and 28 U.S.C. § 1367 (supplemental jurisdiction).

8. Venue is proper in this district under 28 U.S.C. §§ 1391 and 1400(a) because Defendant engaged in infringement in this district, is subject to personal jurisdiction in this district, resides in this district, and/or its agents may be found in this district.

## PERSONAL JURISDICTION

9. Defendant is subject to personal jurisdiction in this District on the claims alleged against it herein at least because it has infringed the copyright of the Plaintiff, directly or indirectly, and many of those infringements happened in this District. Plaintiff's Film is located in this District; and thus New York is the situs of the injury of copyright infringement. Thus, personal jurisdiction is proper in this district as to Defendant under NY CPLR § 302.

10. Additionally, the Defendant is subject to personal jurisdiction in this District on these claims because the Defendant has purposefully established significant contacts with New York and the claims made herein arise out of those contacts.

11. On information and belief, Defendant is a New York corporation and its principal place of business is in New York, New York, subjecting it to general personal jurisdiction in this District.

12. Pursuant to 28 U.S.C. §1400(b), Defendant and its agents may be found in this district and reside in this district.

## UNAUTHORIZED REPRODUCTION AND DERIVATIVE WORK ALLEGATIONS COMMON TO ALL CLAIMS

13. Defendant NACG is a custodian of a large number of avantgarde and experimental films. Upon information and belief, NACG's collection includes over 5,000 film titles by more than 900 filmmakers. The films in NACG's custody include Plaintiff's Film, other films made by Plaintiff, and films made by other class members (collectively, the "Films").

14. NACG, without Plaintiff's authorization or knowledge, reproduced the Film. Upon information and belief, NACG, without the respective class members' authorization, reproduced the respective class members' Films.

15. NACG, without Plaintiff's authorization or knowledge, produced a derivative work of the

3

Film (the "Digital Derivative"). To wit, in or about October 2019, without Plaintiff's knowledge, NACG reproduced Plaintiff's Film, which was an original work on celluloid film, by making digital versions of the same. In making the conversion, NACG made multiple changes to the film, remastering it from an old 16mm film print that is, by definition, less sharp than the author's film original, with color that has shifted and faded over time. Color is central to the content of the Film, which observes an artist, Jasper Johns, as he layers color to make silkscreen prints. There are many considerations in the film-to-digital transfer process, including protectable creative and original steps, of which color is just one. In generating its Digital Derivative, NACG made a range of such decisions, materially affecting the visual appeal and quality of the work, without input from the author, and altered the work's material content and form. The Digital Derivative is of substantially lower quality than the Film and is misrepresented as Plaintiff's work.

16.     Upon information and belief, NACG, without the respective class members' authorization or knowledge, has created digital derivatives (the "Digital Derivatives") of the class members' respective films. This contradicts NACG's mission statement that "Artists and estates maintain creative control of their works."

17.     NACG, without Plaintiff's authorization or knowledge, caused the Digital Derivative to be publicly performed for the public. NACG, in September 2019, without Plaintiff's authorization, rented the Digital Derivative to the Carnegie Museum of Art (the "Museum") for its exhibition "An Art of Changes: Jasper Johns Prints, 1960–2018." A true and correct copy of the Museum's webpage regarding the exhibition is attached as Exhibit B. The Film played continuously in the museum galleries from October 20, 2019 through January 20, 2020. Upon information and belief, thousands of members of the public viewed the Digital Derivative. As a

result of the Digital Derivative being shown to members of the public, members of the public believe that the Film is lower quality than it actually is.

18.     Plaintiff discovered NACG's infringement on 6 May 2020, when a representative of the Museum exhibition reported to Plaintiff that they purportedly "obtained image and film rights from" NACG, specifically from NACG's agent M.M. Serra.

19.     Further, NACG pledges on its website to let members "set the rental price" for which their films are rented. After NACG illegally created the Digital Derivative of Plaintiff's work, it rented that Digital Derivative to the Carnegie Museum of Art without allowing Plaintiff to "set the rental price." Indeed, Plaintiff typically charges an exhibition fee to for similar showings of $850, while NACG charged the Carnegie Museum of Art only $200.

20.     Upon information and belief, NACG, without the respective class members' authorization, rented, licensed and sold Digital Derivatives of the class members' respective films to third parties including film showcases, art venues, universities and museums (the "Third Parties"). Upon information and belief, members of the public who viewed the Digital Derivatives believe the respective class members' Films are of lower quality, or in other significant ways not identical to the Films as they were created by the class members.

## BREACH OF CONTRACT, CONVERSION AND FRAUD ALLEGATIONS COMMON TO ALL CLAIMS

21.     Many of the authors of the films in Defendant NACG's collection have no obligation to pay "dues," "membership," or other fees to NACG. NACG knows this because NACG is the counter-party to, and in possession of, the membership forms that each author submitted when providing their films to NACG for the collection.

22.     In the alternative, NACG is not in possession of such membership forms for certain

authors and thus has no authority to charge fees to them.

23. However, NACG has instituted a blanket policy of charging authors periodic "dues," without notice, consent, assent, or agreement - explicit or implicit – from the authors.

24. Under this policy, NACG makes representations to authors, including the Plaintiff, that they owe dues or membership fees to NACG and accordingly withholds royalties earned from the distribution of the authors' films, including the plaintiff. NACG knows this is false and that the authors do not owe dues, because NACG has no contracts, agreements, or membership applications from such authors containing consent to be charged dues.  The falsehood about dues is a material fact – when authors claim their royalties, or ask about withdrawing their films, they are then informed that they are in arrears and are deceived into thinking they owe back dues. This has a chilling effect and allows NACG to avoid paying royalties, avoid maintaining a proper accounting of its debts to its members, retain films for its use, and limit the loss of membership overall – thus limiting the loss of films from its collection.

25. NACG's purpose of propagating the falsehoods about back dues is (a) to generate revenue from the authors regardless of whether the authors films are being distributed; (b) to induce authors not to demand the royalties earned from the distribution of their films, so as to avoid paying to the authors fees earned from the distribution of films that are distributed; (c) to prevent authors from withdrawing their work by denying them the ability to make informed cost benefit decisions; and (d) to gain leverage over authors, including the Plaintiff, in the event of a dispute. The Plaintiff was informed of the existence of dues, and that she was allegedly $1,470 in arrears, only after she complained about NACG's copyright infringement of her works. The policy of NACG is to give individual accountings upon request only.  Putting the onus on authors allows NACG to create and sustain an illusion that nothing is owed.  In addition, it

allows for unclaimed works to remain at NACG, subject to "dues", and enables NACG to conceal its copyright infringement. This is of particular concern for those authors and estates whose interactions with NACG were long ago, and who may currently be unaware that they have films there at all.

26. NACG has a policy of claiming back dues, whether or not individual members actually or ever authorized these dues. Authors rely on these false statements and are injured in the amount of royalties they would have been paid by NACG, if NACG had not falsely claimed that they are not owed royalties. These statements constitute frauds against the authors.

27. For those authors that have an agreement with NACG, NACG's withholding of earned royalties on the pretense of owed dues is a breach of contract. For those authors without an agreement, the withholding is a conversion of the authors' funds for NACG's own use.

## CLASS ACTION ALLEGATIONS

28. Pursuant to Rule 23(a) and (b)(2) of the Federal Rules of Civil Procedure, Plaintiff brings this action on behalf of herself and a proposed class defined as follows:

> **The Injunctive Relief Class.** All persons whose work was used by Defendant in violation of their exclusive copyrights without a license during the applicable Class Period.
>
> Plaintiff ask the Court to adjudicate only liability, declaratory relief, and injunctive relief through the Injunctive Relief Class. The Injunctive Relief Class does not seek any form of monetary relief.
>
> Excluded from the Injunctive Relief Class are: (a) Defendant, Defendant's board members, executive-level officers, and attorneys, and immediately family members of any of the foregoing persons; (b) governmental entities; (c) the Court, the Court's immediate family, and the Court staff; and (d) any person that timely and properly excludes himself or herself from the Class in accordance with Court-approved procedures.

29. Additionally, pursuant to Rule 23(a) and (b)(3), Plaintiff brings this action on behalf of

7

herself and a proposed class defined as follows:

> **The Monetary Relief Class.** All persons whose work was used by Defendant in violation of their exclusive copyrights without a license or proper compensation during the applicable Class Period, and/or who were improperly charged dues by NACG.
>
> Plaintiff asks the Court to adjudicate all forms of relief through the Monetary Relief Class.
>
> Excluded from the Monetary Relief Class are: (a) Defendant, Defendant's board members, executive-level officers, and attorneys, and immediately family members of any of the foregoing persons; (b) governmental entities; (c) the Court, the Court's immediate family, and the Court staff; and (d) any person that timely and properly excludes himself or herself from the Class in accordance with Court-approved procedures.

30. Collectively, the Injunctive Relief Class and the Monetary Relief Class are the "Class."

31. Plaintiff reserves the right to alter the Class definitions as she deems necessary at any time to the full extent that the Federal Rules of Civil Procedure, the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, and applicable precedent allow.

32. Certification of Plaintiff's claims for class-wide treatment is appropriate because Plaintiff can prove the elements of the claims on a class-wide basis using the same evidence as individual Class members would use to prove those elements in individual actions alleging the same claims.

33. <u>Numerosity; Rule 23(a)(1)</u>: The size of the Class is so large that joinder of all Class members is impracticable. Due to the nature of Defendant's business, Plaintiff believe there are thousands of Class members geographically dispersed throughout the United States.

34. <u>Existence and Predominance of Common Questions of Law and Fact; Rule 23(a)(2),</u>

8

(b)(3): There are questions of law and fact common to the Class. These questions predominate over any questions that affect only individual Class members.

35. Common legal and factual questions include but are not limited to:

      a.      whether Defendant engaged in the course of conduct alleged herein;

      b.      whether Defendant's conduct constitutes violation of the copyright laws;

      c.      whether Plaintiff and the Class members are entitled to actual, statutory, or other forms of damages and other monetary relief; and

      d.      whether Plaintiff and the Class members are entitled to injunctive relief or equitable relief, including equitable restitution.

36. Defendant engaged in a common course of conduct in contravention of the laws Plaintiff seeks to enforce individually and on behalf of the Class members. Similar or identical violations of law, business practices, and injuries are involved. Individual questions, if any, pale by comparison, in both quality and quantity, to the numerous common questions that dominate this action. Moreover, the common questions will yield common answers that will materially advance the litigation.

37. Typicality; Rule 23(a)(3): Plaintiff's claims are typical of the claims of the Class members because Defendant injured all Class members through the uniform misconduct described herein and Plaintiff seeks the same relief as the Class members. Furthermore, there are no defenses available to Defendant that are unique to Plaintiff.

38. Adequacy of Representation; Rule 23(a)(4): Plaintiff is a fair and adequate representative of the Class because Plaintiff's interests do not conflict with the Class members' interests. Plaintiff has selected competent counsel that are experienced in class action and other complex litigation. Plaintiff will prosecute this action vigorously and is highly motivated to seek redress against Defendant. Plaintiff and her counsel are committed to prosecuting this action vigorously

on behalf of the Class and have the resources to do so.

39. <u>Injunctive or Declaratory Relief; Rule 23(b)(2)</u>: The requirements for maintaining a class action pursuant to Rule 23(b)(2) are met, as Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

40. <u>Superiority; Rule 23(b)(3)</u>: The class action mechanism is superior to other available means for the fair and efficient adjudication of this controversy for reasons including but not limited to the following:

   a. The damages individual Class members suffered are small compared to the burden and expense of individual prosecution of the complex and extensive litigation needed to address Defendant's conduct.

   b. It would be virtually impossible for the Class members individually to redress effectively the wrongs done to them. Even if Class members themselves could afford such individual litigation, the court system could not. Individualized litigation would unnecessarily increase the delay and expense to all parties and to the court system and presents a potential for inconsistent or contradictory rulings and judgments. By contrast, the class action device presents far fewer management difficulties, allows the hearing of claims which might otherwise go unaddressed because of the relative expense of bringing individual lawsuits, and provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

   c. The prosecution of separate actions by the individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual Class members, which would establish incompatible standards of conduct for Defendant.

   d. The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of other Class members not parties to the adjudications or that would substantively impair or impede their ability to protect their interests.

41. <u>Notice</u>: Plaintiff and her counsel anticipate that notice to the proposed Class will be

effectuated through recognized, Court-approved notice dissemination methods, which may include United States mail, electronic mail, Internet postings, and/or published notice.

## COUNT I – COPYRIGHT INFRINGEMENT

42. Plaintiff re-alleges and incorporates by reference the allegations of all of the paragraphs of this complaint as if fully set forth herein.

43. Plaintiff is, and at all relevant times has been, the copyright owner or licensee of exclusive rights under United States copyright with respect to the Film, one of the Films owned by the Class, which is the subject of a valid and complete application before the United States Copyright Office for Certificate of Copyright Registration by the Register of Copyrights.

44. Among the exclusive rights granted to Plaintiff and other class members under the Copyright Act are the exclusive rights to reproduce and distribute the Films to the public, as well as create derivative works of the Films.

45. Defendant, without the permission or consent of Plaintiff or the Class, reproduced the Films.

46. Defendant, without the permission or consent of Plaintiff or the Class, distributed the Films to the public.

47. Defendant, without the permission or consent of Plaintiff or the Class, created derivative works of the Films.

48. The foregoing acts of infringement were willful and intentional, in disregard of and with indifference to the rights of Plaintiff and the Class.

49. As a result of Defendant's infringement of Plaintiff's copyright and exclusive rights under copyright, Plaintiff and the Class are entitled to actual damages, including any profits realized by Defendant attributable to the infringement, pursuant to 17 U.S.C. § 504 for

Defendant's infringement of the Films.

## COUNT II – DECEPTIVE ACTS AND PRACTICES IN VIOLATION OF NEW YORK LAW (N.Y. G.B.L. §§ 349 AND 350)

50. Plaintiff re-alleges and incorporates by reference the allegations of all of the paragraphs of this complaint as if fully set forth herein.

51. Plaintiff brings this claim on behalf of the Class for violation of New York General Business Law section 349.

52. Section 349 prohibits "[d]eceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service" in New York. N.Y. Gen. Bus. Law § 349(a).

53. Defendant's conduct described in this complaint constitutes "deceptive acts and practices."

54. In accordance with subsection (h) of section 349, Plaintiff seeks an order enjoining Defendant from continuing the unlawful deceptive acts and practices discussed in this complaint. Absent enjoining the unlawful deceptive acts and practices, Defendant will continue its false and misleading practices, causing irreparable harm each of the Class members.

55. As a consequence of Defendant's deceptive acts and practices, Plaintiff and the Class members suffered an ascertainable loss of monies. By reason of the foregoing, Plaintiff and the Class members seek actual damages or statutory damages of $50 per violation, whichever is greater, as well as punitive damages and attorneys' fees. N.Y. Gen. Bus. Law § 349(h).

56. Therefore, Plaintiff prays for relief as set forth below.

## COUNT III – TRADE LIBEL

57. Plaintiff re-alleges and incorporates by reference the allegations of all of the paragraphs of this complaint as if fully set forth herein.

58. Defendant knowingly, and without justification, made (and/or caused to be made)

materially false representations in writing to the Third Parties, including to the Museum and members of the public, by which Defendant falsely stated the Digital Derivative was authorized by Plaintiff and the Digital Derivatives were authorized by respective members of the Class. Such statements are materially false.

59. Defendant made (and/or caused to be made) such false communications regarding Plaintiff and the Class knowingly, intentionally, in bad faith and motivated solely by unrestrained self-interest, malice and/or disinterested malevolence, without legal or social justification.

60. Defendant's willful and intentional misconduct, without Plaintiff's or the Class's knowledge or consent, irreparably injured and caused damage to the Class in its business reputation and artistic standing.

61. As a result of Defendant's aforesaid acts and conduct, the Class has been irreparably injured in its business and in its good name and character. The Class's standing in its business has also been seriously impaired.

62. Defendant's statements were not mere statements of opinion.

63. Plaintiff is entitled to damages in excess of $100,000.

64. Plaintiff is entitled to an award of punitive damages in an amount sufficient to punish and deter Defendant from engaging in further knowing acts of trade libel

## COUNT IV – COMMON LAW UNFAIR COMPETITION

65. Plaintiff re-alleges and incorporates by references the allegations of all of the paragraphs of this complaint as if fully set forth herein.

66. The aforesaid acts of Defendant constitute unfair competition in violation of the common law of the State of New York.

67. Upon information and belief, by their acts, Defendant has made and will make substantial profits and gains to which it is not in law or equity entitled.

68. Defendant intends to continue its willfully infringing acts unless restrained by the Court.

## COUNT V – FRAUD

69. Plaintiff re-alleges and incorporates by reference the allegations of all of the paragraphs of this complaint as if fully set forth herein.

70. By knowingly making false statements to Plaintiffs regarding owed dues, for the purpose of inducing Plaintiffs not to demand payment of their royalties, and Plaintiffs having relied upon those statements without knowing them to be false, Plaintiffs were injured in the amount of royalties they would have received had NACG not made the false statements.

## COUNT V – BREACH OF CONTRACT

71. Plaintiff re-alleges and incorporates by reference the allegations of all of the paragraphs of this complaint as if fully set forth herein.

72. NACG breached its contracts with Plaintiffs by improperly withholding earned royalties from distribution by misrepresenting that the authors owed "dues" to NACG.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant:

a. certifying the proposed Class under Federal Rule of Civil Procedure 23(a), (b)(2), and (b)(3), as set forth above;

b. declaring that Defendant is financially responsible for notifying the Class members of the pendency of this suit;

c. Declaring that Defendant's unauthorized conduct violates class members' rights under the Copyright Act;

d. Immediately and permanently enjoining Defendant, their officers, directors, agents,

servants, employees, representatives, attorneys, related companies, successors, assigns, and all others in active concert or participation with them from copying and republishing class members' work without consent or otherwise infringing class members' copyright or other rights in any manner;

e.  Ordering Defendant to account to for all gains, profits, and advantages derived by Defendant by their infringement of class members' copyright or such damages as are proper;

f.  Awarding actual damages and statutory damages for Defendant's copyright infringement in an amount to be determined at trial;

g.  Awarding costs, reasonable attorneys' fees, and disbursements in this action;

h.  Declaring that Defendant's infringement was willful; and

i.  Awarding such other and further relief as is just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

DATED: July 13, 2022              Respectfully submitted,

*/s/ Serge Krimnus*
Erik Dykema, Esq.
erik@bochnerip.com
Serge Krimnus, Esq.
serge@bochnerip.com
**BOCHNER IP PLLC**
295 MADISON AVENUE, 12TH FLOOR
NEW YORK, NEW YORK 10017
(646) 971-0685

*Attorneys for Plaintiff Katrina Martin
and the Proposed Class*