

Erik Dykema, Esq.
**Bochner IP, PLLC**
295 Madison Avenue, 12TH Floor, New York, NY 10017
o 646.971.0685   e erik@bochnerip.com   w bochnerip.com

November 28, 2022

<u>Via ECF</u>

Judge Jennifer L. Rochon
United States District Court
Southern District of New York
500 Pearl Street, Room 1920
New York, NY 10007

    **Re:**   *Katrina Martin v. New American Cinema Group, Inc.*
            No. 22-cv-5982-MKV

Dear Judge Rochon:

    Plaintiff Katrina Martin ("Plaintiff"), pursuant to Local Civil Rule 37.2 and Your Honor's Individual Practices ¶ 2(E), respectfully moves this Court to compel Defendants[1] to: (1) produce documents they have withheld pending this Court's resolution of the motion to dismiss; (2) amend their discovery responses to (i) withdraw their boilerplate objections, and (ii) identify the categories of documents they are withholding and categories they are agreeing to produce; and (3) produce all responsive documents within thirty days.[2]

    First, the Court should order Defendants to produce any documents it is withholding due to the filing of their motion to dismiss. On October 19, 2022, Plaintiff served her first set of requests for production of documents on Defendants. *See* Exhibit A. Defendants served their responses on October 19, 2022. *See* Exhibit B (the "Responses"). In the Responses, Defendants generally object to all of Plaintiff's requests because they "prematurely seek documents or materials prior to Defendants' forthcoming motion to dismiss." Responses at 3. Defendants make a similar objection to Requests Nos. 7, 13, and 15. A motion to dismiss, of course, does not automatically stay discovery. *Lawson v. Rubin*, No. 17-CV-6404 (BMC), 2018 WL 11402165, at *1 (E.D.N.Y. Jan. 25, 2018) (citing *Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013)). And Defendants have not moved for—and have certainly not been granted—a stay of discovery. By refusing to provide the requested documents, Defendants are "in effect granting [themselves] a stay of discovery." *Billups v. West*, No. 95CIV.1146(KMW)(HBP), 1997 WL 100798, at *3 (S.D.N.Y. Mar. 6, 1997), *on reargument in part*, No. 95CIV.1146(KMW)(HBP), 1997 WL 177897 (S.D.N.Y. Apr. 11, 1997); *see also Keddy v. Smith Barney, Inc.*, No.

---

[1] New American Cinema Group, Inc. and Marie Serra.
[2] Counsel for the parties conducted a good-faith conference via telephone on October 27, 2022.



Serge Krimnus, Esq.
**Bochner IP, PLLC**
295 Madison Avenue, 12TH Floor, New York, NY 10017
o 646.971.0685   e serge@bochnerip.com   w bochnerip.com

96 CIV.2177(DAB)(SEG, 1998 WL 108009, at *2 (S.D.N.Y. Mar. 12, 1998) ("The parties appear to have granted themselves a stay on all discovery which, despite pendency of this motion, was never granted by the court."). The Court should order Defendants to produce any documents they are withholding on the basis of this unfounded objection.

Second, the Court should order Defendants to amend their deficient Responses. Regarding Response Nos. 1-4, 6, 9-13, 15-22, 24, 28, and 30-33, Defendants state that they will produce documents "subject to [their] objections." The Court should order Defendants to serve amended responses to: (1) make clear the documents they are producing as opposed to standing on their objections; (2) withdraw their general objections; and (3) withdraw their boilerplate "specific" objections. Under Rule 34(b)(2)(c), Defendants must identify "whether any responsive materials are being withheld on the basis of that objection." Incorporating general objections "into each response violates Rule 34(b)(2)(B)'s specificity requirement as well as Rule 34(b)(2)(C)'s requirement to indicate whether any responsive materials are withheld on the basis of an objection." *Fischer v. Forrest*, No. 14CIV1304PAEAJP, 2017 WL 773694, at *3 (S.D.N.Y. Feb. 28, 2017). Indeed, "[g]eneral objections should rarely be used after December 1, 2015 unless each such objection applies to each document request." *Id.*; *see also CapRate Events, LLC v. Knobloch*, No. 17-CV-5907-NGG-SJB, 2018 WL 4378167, at *2 (E.D.N.Y. Apr. 18, 2018) ("The 2015 Amendments to the Federal Rules no longer permits global, generalized objections to each request."); *CBF Industria de Gusa S/A v. AMCI Holdings, Inc.*, No. 13CV2581PKCJLC, 2019 WL 3334503, at *11 (S.D.N.Y. July 25, 2019), *objections overruled*, 2019 WL 12373602 (S.D.N.Y. Oct. 9, 2019) ("[D]efendants shall withdraw their general objections and may not include general objections in their revised responses unless they truly apply to each request."). And Defendants' "specific" objections are "meaningless boilerplate. Why is it burdensome? How is it overly broad? This language tells the Court nothing." *Fischer*, 2017 WL 773694, at *3.[3] The Court should compel Defendants to withdraw their boilerplate objections and serve amended responses within seven days.

Third, Defendants should be compelled to produce documents where they do not indicate documents will be produced. *See* responses No. 7, 8, 9, 23, 25, and 29. As discussed above, Defendants' boilerplate objections do not provide a basis to withhold these (or any other) documents. Plaintiff respectfully requests that the Court order Defendants to produce all responsive documents within thirty days. *See generally Zhao v. Deutsche Bank AG*, No. 13CV02116 (GBD) (DF), 2014 WL 12526256, at *6 (S.D.N.Y. June 24, 2014) (ordering "all production to be completed within 30 days of

---

[3] *See, e.g.*, response to request no. 1 ("Defendants object to this request as overly broad, unduly burdensome, and not proportional to the needs of the case. Defendants further object to this request insofar as it seeks documents and things that are already within Plaintiff's possession, custody, and control.").

2



Serge Krimnus, Esq.
**Bochner IP, PLLC**
295 Madison Avenue, 12TH Floor, New York, NY 10017
o 646.971.0685   e serge@bochnerip.com   w bochnerip.com

the date of this Order").

Defendants thank the Court for its time and consideration.

Respectfully submitted,

*/s/ Erik Dykema*
*Erik Dykema*

*Counsel for Plaintiff Katrina Martin*

Per the Court's Individual Rule 2(E), Defendant's response to Plaintiff's letter requesting an order compelling the production of documents and amended discovery responses was due no later than December 1, 2022.  To date, no response has been filed.   It is not clear from Plaintiff's letter whether the parties met and conferred specifically regarding the instant application, as required.  In any event, Defendant has appropriately lodged objections and responses to the discovery requests.  In many cases Defendant indicates that it will produce documents notwithstanding the objections.  Thus, IT IS HEREBY ORDERED that, because there is no stay of discovery in this action, insofar as Defendant is withholding documents based on the pendency of the motion to dismiss, Defendant shall produce those documents forthwith.  IT IS FURTHER ORDERED that, within ten (10) days of the date of this Order, the parties shall meet and confer regarding Request Nos. 7, 8, 9, 23, 25, and 29.  To the extent the parties are still unable to resolve disputes with regard to those requests, Plaintiff may seek intervention from the Court as outlined in the Court's Individual Rule 2(E), and the parties must specify the basis for the relevancy or otherwise appropriateness of the requests and the objections thereto.

Dated: December 6, 2022
         New York, New York

SO ORDERED

_____
JENNIFER L. ROCHON
United States District Judge