UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KATRINA MARTIN,<br><br>                    Plaintiff,<br><br>      v.<br><br>NEW AMERICAN CINEMA GROUP, INC,<br>MARIE SERRA, a/k/a MM SERRA,<br><br>                    Defendants. | No. 22-cv-05982-JLR |

**REPLY MEMORANDUM IN SUPPORT OF PLAINTIFF'S
MOTION FOR ATTORNEYS' FEES AND COSTS**

# **TABLE OF CONTENTS**

I. Plaintiff's Motion For Attorney's Fees Should Be Granted ..................................................... 1

II. Defendant's Unsupported Introductory Arguments Should Not Be Credited ......................... 1

    A. Defendants' Arguments Of Poverty Should Not Be Credited ........................................... 1
    B. Defendants' Denials Of Infringement Should Not Be Credited ........................................ 2
    C. Defendants Continue to Infringe ....................................................................................... 3

III. Defendants *Offer of Judgment* Did Not Include Costs Or Attorney's Fees ............................ 4

IV. The *Fogerty* Factors Weigh In Favor Of An Award Of Attorney's Fees ................................ 6

V. Plaintiff's Fees Are Reasonable ................................................................................................ 8

VI. Conclusion ................................................................................................................................ 9

# **TABLE OF AUTHORITIES**

**Cases**

*Green v. Torres*,
    361 F.3d 96 (2d Cir. 2004) .................................................................................................. 9

*Hensley v. Eckerhart*,
    461 U.S. 424 (1983) ............................................................................................................. 9

*Jordan v. Time, Inc.*,
    11 F.3d 102 (11th Cir. 1997) .............................................................................................. 6

*Marek v. Chesny*,
    473 U.S. 1 (1985) ................................................................................................................. 6

*Steiner v. Lewmar*,
    816 F.3d 26 (2d Cir. 2016) .................................................................................................. 5

**Statutes**

17 U.S.C. § 106 ................................................................................................................... 2, 7
17 U.S.C. § 505 ...................................................................................................................... 6

**Rules**

Fed. R. Civ. P. 68 ............................................................................................................ 1, 5, 6

**I.      PLAINTIFF'S MOTION FOR ATTORNEY'S FEES SHOULD BE GRANTED**

Plaintiff Katrina Martin respectfully submits to this Court that, for the reasons stated in her *Motion for Attorney's Fees* [ECF 51], Defendants should be ordered to pay her reasonable fees and costs, including attorney's fees, in this matter.

Defendants' *Opposition* [ECF 59] relies on unsupported attorney arguments, misstatements of the law, attempts to re-litigate the case, and irrelevant purported facts that Defendants refused to provide evidence of in discovery. Defendants should not be permitted to offer judgment to avoid discovery into the facts of the case, and then turn around and assert the truth of those purported facts—again without producing the relevant documents—in opposition to the instant motion for fees. Similarly, Defendants should not be permitted to wield the gambit of Rule 68's fee shifting provisions against Plaintiff, and then avoid the fee shifting consequences of their Rule 68 *Offer of Judgment*.

Plaintiff's *Motion* should be granted in its entirety.

**II.     Defendant's Unsupported Introductory Arguments Should Not Be Credited**

In the introduction to their opposition to Plaintiff's *Motion,* Defendants offer a litany of unsupported attorney arguments, many of which depend on purported "facts," which Defendants refused to produce discovery into when requested.

**A.      Defendants' Arguments Of Poverty Should Not Be Credited**

Defendants raise several versions of the argument that they should be excused on the basis of poverty. This is despite advertising a headquarters on Park Avenue and 32nd Street with "an expansive, 2,000 square foot space that includes a climate-controlled archive, a study center library, and the Charles S. Cohen Screening Room" with "[n]ewly installed and improved windows, sprinkler and alarm systems, lighting systems, carpeting, wheelchair accessible bathrooms, and new theater seating," and a "vast archive, consisting of more than 5,000 films by

1

over 1,000 media makers."[1] Defendant further points to a tax return evidencing that it received over one-hundred thousand dollars in revenue in 2020. *Opposition* at 2.

Plaintiff has no doubt that the modest amount of attorneys' fees sought in this matter could be satisfied by Defendants—whether through a payment plan or otherwise—and Defendants offer no evidence to the contrary.

### B.   Defendants' Denials Of Infringement Should Not Be Credited

Next, Defendants argue that their infringement was a "single, isolated incident" and that they are not "rampantly infringing on the rights of [their] members." *Opposition* at 2-3, 12-13. This argument is clearly false by Defendants' own admissions.

In their *Motion to Dismiss,* Defendants stated that "FMC members retain the copyright in their motion pictures . . . ." *Motion to Dismiss* at 2 [ECF 26]. Defendants then admit that "the FMC creates digital scans of the 16mm films in its collection . . . to facilitate the rental of their motion pictures." *Motion to Dismiss* at 3 [ECF 26]. Thus, Defendants have admitted to reproducing its members copyrighted works in violation of 17 U.S.C. § 106(1) which—absent a license—amounts to copyright infringement not just of Mrs. Martin's work but of each of the class members' works.

Plaintiffs have been asking for evidence of such licenses—for Plaintiff's works and for works of the class of authors—since their very first letter to Defendants on May 11, 2020. *See* Dkt. 51-4 ("If you have documentation of any contract, license, assignment, or other document(s) which would have granted FMC any rights to Ms. Martin's work, please send me a scanned copy of it.") Plaintiff continued to request licenses in discovery. *See Pl.'s Initial Requests for Production,* #10 (requesting "all agreements providing that FMC may do any of the following: charge dues, promote movies for rental, collect fees, make copies, distribute, create derivative works, make

---

[1] *See* "About The Film-Makers' Cooperative," retrieved from https://film-makerscoop.com/about on 25 Sept. 2023.

digital version or copies"). *See also* Pl.'s *Initial Interrogatories,* #9 ("Explain in detail, with reference to all relevant facts, documents, and law, including with reference to Defendant(s) document production, Defendant(s) contentions that they are not liable for copyright infringement for Copying the Class Accused Works, and Identify the person(s) having knowledge of the relevant fact(s) and document(s).").

Defendants never produced a single document evidencing their purported license to create digital copies of Mrs. Martin's work, nor of the works of *any* of the other authors identified as part of the proposed class, despite 3 years of letter writing, negotiations, litigation, and discovery. Defendants failed to answer Plaintiff's Interrogatories seeking such information, and in response to those interrogatories and requests to depose Defendant Serra, made an Offer of Judgment to avoid further disclosure.

Defendants' present arguments, statements, or insinuations that this was an "isolated incident" are simply untrue and should not be believed. Defendants have admitted rampant copying of the works of the authors, offered no license in defense, offered judgment when they saw that their case was untenable, and evidence no intention of ceasing such infringement unless forced to do by financial consequences such as the requested award of attorney's fees.

C.     **Defendants Continue to Infringe**

Defendants then argue that they should not pay attorney's fees because they offered Plaintiff "roughly the same result" as what was demanded my Plaintiff's earlier letters. *Opposition* at 4 [ECF 59.] This argument is just plain wrong.

Fundamentally, Plaintiff has been asking – since the beginning – for Defendants to cease their infringement not only of her work, but of the works of the other authors in their collection. *See* July 10, 2020 Ltr. to FMC at 2-3 [ECF 51-7] ("[M]y client is concerned that, if FMC is violating her copyrights, FMC is likely violating the copyrights of many other independent

3

filmmakers, causing damage to their works, livelihoods, and reputations. Given FMC's attitude and responses thus far in responding to our inquiries, we do not predict that FMC will cure these problems on its own, and hope to be a positive agent for change that we believe is necessary in the organization.")

In response, Defendants—advised by competent IP and legal counsel including but not limited to the law firm of Leason Ellis, *pro hac* counsel Mr. Frye (a law professor at the University of Kentucky who teaches copyright and whose "research focuses on intellectual property and charity law")[2] denied liability, denied infringement, and have continued to assert their right to reproduce not only Plaintiff's work but also the works of the multitude of other authors and artists in their collection. To be clear—while Defendants' communications with their counsel are privileged and unknowable—there can be no doubt that Defendants either discussed, or had the opportunity to discuss, their course of infringing conduct with their attorneys before and during this lawsuit, and decided to pursue a strategy of denials and resistance rather than simply ceasing their infringement.

Ultimately, what Plaintiff wanted was for Defendants to admit that they were infringing her work and to stop, and the same for the other authors. But it was not until the Defendants' *Offer of Judgment* did Defendants even admit that they were infringing! While Plaintiff has not yet achieved all of her goals for this litigation, she is hopeful that the award of attorney's fees received in this case will finally cause the Defendants to cease their infringement of the class authors works, and obviate the need for further litigation.

### III. Defendants *Offer of Judgment* Did Not Include Costs Or Attorney's Fees

Defendants argue that their *Offer of Judgment* included attorney's fees, in reliance on

---

[2] *See* https://law.uky.edu/people/brian-frye , retrieved on Sept. 25, 2023.

*Steiner v. Lewmar,* 816 F.3d 26, 31 (2d Cir. 2016). *Steiner* is inapposite, and Defendants' reliance on *Steiner* is misplaced, because the basis for attorney's fees in *Steiner* was a contract clause which was a "claim" on which judgment was offered and made. In contrast, in this case, attorney's fees are included in "costs" pursuant to the Copyright Act, which were not included in the offer and thus must be separately included by the Court.

Specifically, in *Steiner* the parties litigated a dispute over a contract, which had a prevailing party attorney's fees clause. *Steiner* at 30. Defendants offered judgment to include "all claims that have been made or could have been made . . . ." *Id.* Steiner accepted and the District Court entered Judgment. *Id.* Steiner then moved for attorneys' fees and costs under (1) the prevailing party clause' and (2) the Connecticut Unfair Trade Practices Act ("CUTPA.")

With respect to Steiner's claim for attorney's fees under the prevailing party clause, the court determined that this was a "claim that [had] been made" and that the parties intended to include contractual claims for attorney's fees. *Id.* at 33. However, with respect to the claim for attorney's fees under CUTPA (which are at the discretion of the court), the Second Circuit found that because the source of these fees was not a "claim" under the contract at issue, but rather a statutory claim for attorney's fees, they were not included in an offer as to "claims." Indeed, the Second Circuit noted that "statutory attorneys' fees claims are not unambiguously encompassed in a Rule 68 offer when the offer refers to substantive claims but does not explicitly refer to attorney's fees." *Id.* at 35. The Second Circuit then remanded the case to the district court for consideration of attorneys' fees under CUTPA.

Here, as briefed in Plaintiff's *Motion,* and unlike *Stoeiner's* "prevailing party" claim, Plaintiff's claims arise from the statutory grant of attorney's fees for prevailing parties under the Copyright Act. *See* Pl. Mot. at 5-7 [ECF 51]. Here, the attorneys' fees Mrs. Martin seeks are not a

5

"claim" arising from a contract, but rather a statutory award of costs under the Copyright Act. *See Pl. Mot.* at 7 ("Under *Marek v. Chesny*, . . . Rule 68 'costs' include attorneys' fees when the underlying statute so prescribes. The Copyright Act so specifies, 17 U.S.C. § 505.") (citing *Jordan v. Time, Inc.*, 111 F.3d 102, 105 (11th Cir. 1997)).

Thus, Defendants' reliance on *Steiner* is misplaced – the reasoning of Steiner supports Plaintiff's claim for attorneys' fees costs under the Copyright Act.

## IV. The *Fogerty* Factors Weigh In Favor Of An Award Of Attorney's Fees

Plaintiff submits that the *Fogerty* factors, as discussed in its *Motion*, weigh in her favor and compel an award of attorney's fees notwithstanding Defendants' arguments to the contrary. *See Pl. Mot.* at 7-12. Plaintiff will not repeat those arguments here, and instead will merely respond to inaccuracies in Defendants' *Opposition*.

First, Defendants argue that this lawsuit did not prevent infringement of her works, because the infringement allegedly ended in 2020. As an initial matter, it is impossible for Plaintiff to know if this is true or not – Defendants arguments are unsupported by evidence or affidavits, Defendants failed to produce document discovery on this issue, and Defendants offered judgment to avoid a deposition into these and other matters.

Regardless, until the Judgment, Defendants continued to assert that they had the *right* to continue making reproductions not only of Plaintiff's works, but also of the works of the other authors in the proposed class. Defendants never agreed or even proposed to agree that they didn't have the right to make the infringing reproductions at issue, or that they would have been prohibited from doing so in the future. Effectively, when caught infringing Plaintiff's copyrights, Defendants maintained that they had done nothing wrong, had the right to do it again in the future, and refused Plaintiff's offer to discuss the same with their board. Thus, Plaintiff was forced to bring this suit to vindicate her exclusive right to reproduce her work, as well as the exclusive rights

6

of the proposed class of authors to reproduce their works.

Next, Defendants argue that "[p]laintiff had no reason to think that the FMC was infringing on the rights of other FMC members." *Opposition* at 11. This argument makes no sense – as discussed above, Defendants have *admitted* copying other authors works, and have produced no evidence of a license with those authors allowing them to do so. Defendants argue that they were "helping members who *wanted* to digitize their print films" (emphasis in original) – in other words, Defendants are again arguing that they had a license. Again, as discussed above, when asked repeatedly both before litigation, and during discovery, for evidence of such a license, Defendants could produce no evidence and offered no substantive responses to Plaintiff's interrogatories on this point. Defendants' mere attorney argument, unsupported by evidence requested repeatedly during discovery, and which Defendants offered judgment to avoid further inquiry into, is simply not credible.

Defendants then argue that Plaintiff's allegations as to Defendants infringement of the other artists works were "conclusory" and supported by "no evidence and nothing in the record," and that "the only allegedly infringing acts by Defendants had concluded as of January 20, 2020." *Opposition* at 12. As discussed above, this argument is disingenuous and should not be credited. Defendants have admitted to rampant reproduction of the artists' works, yet when asked for licenses to do so, have produced no such licenses. *See Defs. Motion to Dismiss* [ECF 26] at 3 ("the FMC creates digital scans of the 16mm films in its collection … to facilitate the rental of their motion pictures."). Thus, Defendants have admitted to reproducing its members copyrighted works in violation of 17 U.S.C. § 106(1) which—absent a license—amounts to copyright infringement not just of Mrs. Martin's work but of each of the class members' works.

Defendants then advance numerous arguments that Plaintiff's positions were "frivolous"

7

or "objectively unreasonable." These arguments include speculation as to the but for cause of this lawsuit, and repeated assertions Defendants' infringing acts were limited to "creating one digital copy of Plaintiff's film." *See Opposition* at 13-14. This is flatly contradicted by the Complaint. *See* Compl. ¶14 ("NACG, without the class members' authorization, reproduced the respective class members' Films.")

Defendants then attempt to shift the burden of their license defense to Plaintiff, arguing that "Plaintiff is still unable to point to any materials supporting the assertion that the FMC has infringed on the rights of a single third-party." *Opposition* at 15. This argument fundamentally misunderstands the nature of copyright and a license *defense*. Had this suit proceeded and the class been certified, Defendant, having admitted to copying not only Plaintiff's work but also the works of other authors of the proposed class, would have had to establish licenses from each and every author to reproduce those authors works. Though such evidence was repeatedly requested in discovery, Defendants failed to produce it; and Defendants attach nothing to their *Opposition* that would tend to establish such a defense.

### V.  Plaintiff's Fees Are Reasonable

Defendants argue that Plaintiff's fees are unreasonable based on two arguments. First, Defendants argue that Plaintiffs failed to separately bill for copyright and non-copyright claims. Separately, Defendants argue that the result Plaintiff achieved was the same as what was offered originally. Both of these arguments lack merit.

As to the separation of Plaintiff's bills between copyright and non-copyright claims, substantially all of the work Plaintiff's counsel have done for this case relates to the copyright claims. Apart from approximately 2 hours spent drafting adding the (then dismissed) other claims to the Complaint, nearly all of the work – including negotiations, discovery, and motion practice – related to the copyright claims. In any case, attorneys' fees spent on unsuccessful claims are not

8

excluded where they "involve a common core of facts or [are] based on related legal theories," *Green v. Torres*, 361 F.3d 96, 98 (2d Cir. 2004) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983)), which is clearly the case here at least because all claims involve a common core of facts (copying of Plaintiff's works).

Lastly, as to the result achieved, Defendants arguments here are simply untrue. As discussed above, until this Court entered Judgment against them, Defendants have asserted the right to infringe not only Plaintiff's copyrights, but those of other authors as well. And, without a significant award of attorneys' fees, the statements and positions Defendants have taken in their *Opposition* make it seem likely that they intend to continue to do so.

## VI. Conclusion

For all these reasons, the Court should exercise its discretion to award Plaintiff her attorneys' fees in the amount of $91,970 and should additionally award $572 in unreimbursed expenses, for a total of $92,542.

Dated: September 25, 2023
New York, New York                    Respectfully submitted,

/s/ Serge Krimnus
Erik Dykema, Esq.
Serge Krimnus, Esq.
Bochner PLLC
1040 Avenue of the Americas, 15th Fl.
New York, New York 10018
646.971.0685
erik@bochner.law
serge@bochner.law

*Attorneys for Plaintiff and the Proposed Classes*